**IN THE UNITED STATE DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

XAYWU, LLC                                      :
2526 MORGAN RUN                                 :
HUNTINGDON VALLEY, PA 19006-                     :
5418                                            :
                                                :
v.                                              :  Docket No.
                                                :
STATE AUTO INSURANCE                            :
COMPANIES                                       :
P.O. BOX 182822                                 :
COLUMBUS, OHIO 43218-2822                       :

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

AND NOW COMES the Plaintiff, XAYWU, LLC, by and through its attorneys, Timoney

Knox, LLP, to file this Complaint for Declaratory Judgment against the Defendant, STATE AUTO

INSURANCE COMPANIES, and in support thereof sets forth and avers the following:

**PREAMBLE**

1.     Pursuant to 28 U.S.C. § 2201, Plaintiff, Xaywu, LLC ("Plaintiff" or "Xaywu")

brings this action for Declaratory Judgment.

2.     Defendant, State Auto Insurance Companies ("Defendant" or "State Auto") issued

a business owner's insurance policy to Xaywu, effective February 28, 2024 through February 28,

2025.

3.     Xaywu requests a declaration that State Auto must provide defense and indemnity

coverage pursuant to the business owner's insurance policy in connection with all claims stemming

from the personal injury lawsuit.

1

**THE PARTIES**

4.      Plaintiff, Xaywu, LLC is a limited liability company with its principal place of business located at 2526 Morgan Run, Huntingdon Valley, PA 19006-5418. Xaywu is authorized to transact business and has transacted business in the Commonwealth of Pennsylvania.

5.      Defendant, State Auto Insurance Companies, is an Ohio corporation engaged in the insurance business with its principal place of business located at P.O. Box 182822, Columbus, Ohio 43218-2822.

**JURISDICTION AND VENUE**

6.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      Jurisdiction and venue are proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because, *inter alia*, the State Auto insurance policy at issue was produced and delivered to Xaywu in this judicial district, and the personal injury lawsuit filed by Maurice Byrd, Jr. is pending in the Montgomery County, Pennsylvania, Court of Common Pleas, within this district.

**FACTS**

A.      **The State Auto Insurance Policy**

8.      State Auto issued a policy of insurance at policy no. 10119428CB, effective February 28, 2024 through February 28, 2025, to Xaywu, LLC ("the Policy"). A true and correct copy of the Policy is attached hereto and incorporated by reference as if set froth fully herein as **Exhibit "A."**

**B.      The Byrd Action**

9.      On or about October 7, 2025, an action commended by filing of a Complaint caption *Maurice Anthony Byrd, Jr. v. Xaywu, LLC*, Montgomery County Court of Common Pleas, No. 2025-24745 ("The Byrd Action"). A true and correct copy of the Complaint in the Byrd Action ("Byrd Complaint") is attached hereto and incorporated by reference as if set froth fully herein as **Exhibit "B."**

10.      In the Byrd Action, Plaintiff, Maurice Byrd ("Byrd") alleges that on or about June 8, 2024, was a tenant at 226 N. York Road, Hatboro, PA 19040 ("the Property") owned by Xaywu. *See* **Exhibit "B" at ¶ 7.**

11.      The Byrd Complaint alleges that Byrd sustained injuries after being punched three (3) times by Stephen Strassburg ("Strassburg"), another tenant of the Property. *See* **Exhibit "B" at ¶ 7.**

12.      Byrd shot and killed Strassburg, resulting in his criminal prosecution in the Montgomery County Court of Common Pleas.

13.      A jury acquitted Byrd of all charges on or about March 27, 2025.

14.      The Byrd Complaint further alleges that Byrd sustained damages, including but not limited to, physical injuries, emotional and psychological distress, wage loss, impairment of earning capacity, and wrongful conviction and imprisonment. *See* **Exhibit "B" at ¶ 13.**

15.      Byrd alleges that Xaywu knew or should have known that Strassburg had a criminal history, which allegedly included crimes of violence. *See* **Exhibit "B" at ¶ 9.**

16.      Byrd further alleges that Xaywu, having constructive and/or actual notice, failed to evict Strassburg, failed to warn other tenants of the violent threat he posed, and failed to implement adequate security measures. *See* **Exhibit "B" at ¶ 12.**

17.     Byrd filed two (2) causes of action against Xaywu: Negligence/Negligent Security and Premises Liability.

18.     The Byrd Complaint alleges that Xaywu's alleged failures constituted a breach of its duty of care to Byrd. *See* **Exhibit "B" at ¶¶ 16(a-o), 28(a-o).**

## CASE AND CONTROVERSY

19.     Xaywu timely requested coverage under the Policy for the claims asserted in the Byrd Action.

20.     By letter dated November 14, 2025, State Auto issued a Reservation of Rights Letter ("ROR") responding to Xaywu's request for coverage, a copy of which is attached hereto at **Exhibit "C."**

21.     The ROR states in pertinent part:

> **State Auto has determined that Xaywu is not owed indemnity insurance coverage under the Policy for any damages that may be awarded against Xaywu in the Lawsuit. Accordingly, State Auto will neither fund any settlements that Xaywu reaches in the Lawsuit, nor will it pay for any judgment issued against you.**

*See* **Exhibit "C," (emphasis in original).**

22.     The ROR further states, "Notwithstanding that State Auto can owe no indemnity coverage for the Lawsuit, State Auto offers to defend Xaywu in the Lawsuit, subject to a full and complete reservation of its rights." *See* **Exhibit "C."**

23.     The ROR incorrectly states that the "Complaint generally alleges that Mr. Byrd sustained injuries as a result of a June 8, 2024 physical altercation with Stephen Strassburg." *See* **Exhibit "C."**

24.     Ultimately, the ROR states that **"State Auto has no obligation to indemnify Xaywu in the Lawsuit pursuant to the Assault Or Battery Exclusion."** *See* **Exhibit "C," (emphasis in original).**

25.     On or about January 7, 2026, State Auto sent a Disclaimer of Coverage Letter ("Disclaimer Letter"), dated to Xaywu, a true copy of which is attached hereto at **Exhibit "D."**

26.     The Disclaimer Letter states, in pertinent part:

> Accordingly, because all of Mr. Byrd's damages arose out of and/or were caused by an assault, battery, assault and battery, or any other similar violent act resulting from Xaywu's alleged failure to prevent or warn of said violent act, indemnity coverage is excluded pursuant to the Assault Or Battery Exclusion.

*See* **Exhibit "D."**

27.     Furthermore, the Disclaimer Letter states:

> For the foregoing reasons, Xaywu is not owed defense or indemnity insurance coverage under the Policy in connection with the Lawsuit. Subject to our agreement, State Auto will defend Xaywu through February 28, 2026…

*See* **Exhibit "D."**

28.     Xaywu has contested State Auto's position with respect to disclaimer of the Policy.

29.     A ripe and justiciable case and controversy has arisen in regard to whether the Policy may be disclaimed due to an Assault and Battery Exclusion.

30.     This Court has the power to declare rights, status and other legal relations under a contract either before or after a breach thereof, and whether or not further relief is or could be claimed. 28 U.S.C.S. § 2201.

## COUNT I
## DECLARATORY RELIEF
### (Coverage under the State Auto Insurance Policy)

31.    Xaywu incorporates by reference the foregoing averments of this Complaint as if the same were set forth more fully herein at length.

32.    The Byrd Complaint alleges that Byrd's injuries were caused by Xaywu's negligence, carelessness, and breach of its duty. **Exhibit "B" at ¶¶ 16(a-o), 28(a-o).**

33.    An insurer's obligation to defend an action against the insured is fixed solely by the allegations in the underlying complaint.

34.    As long as a complaint alleges an injury which may be within the scope of the policy, the insurer must defend its insured until the claim is confined to a recovery the policy does not cover.

35.    Here, the Byrd Complaint *only* alleges negligence against Xaywu, and alleges no other torts against another party.

36.    The Byrd Complaint alleges that the injuries and damages claimed in the Byrd Complaint – which are denied by Xaywu – are due to "the careless and negligence of the defendant…" **Exhibit "B" at ¶¶ 17-25, 29-37.**

37.    In fact, the Byrd Complaint alleges that Byrd sustained "emotional and psychological distress, medical expenses, wage loss, impairment of earning capacity, past and future pain and suffering, wrongful conviction and imprisonment, post-traumatic stress disorder, nervousness, depression, anxiousness…emotional and psychological injury, embarrassment and humiliation, loss of life's pleasures and past and future pain and suffering…" "by reason of carelessness and negligence of" Xaywu. **Exhibit "B" at ¶¶ 17 and 29.**

38.     Intentional acts that cause injury may nevertheless be considered an accident, and thus an occurrence, where so defined in an insurance policy.

39.     The Policy defines "Occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *See* **Exhibit "A."**

40.     As alleged in the Byrd Complaint, the negligence of Xaywu permitted Strassburg to assault Byrd, causing him to sustain certain alleged injuries. *See* **Exhibit "B" at ¶¶ 17-25, 29-37.**

41.     Xaywu's alleged negligence, which led to Strassburg's intentional attacks, is an "accident" pursuant to the Policy, thereby triggering an occurrence under the Policy.

42.     The "Assault or Battery Exclusion" of the Policy states in pertinent part:

> Assault Or Battery
> 1.     "Bodily injury", death, "property damage" or "personal and advertising injury" arising out of or caused in whole or part by assault, battery, assault and battery, or any other similar violent act:
>> a.     Committed by or at the direction of the insured, "employees", customers, patrons, guests, or any other person;
>> b.     Resulting from the failure to suppress or prevent assault, battery, assault and battery, or any other similar violent act;
>> c.     Resulting from the failure to provide an environment safe from assault, battery, assault and battery or any other similar violent act;
>> d.     Resulting from the failure to warn of the dangers of the environment, which could contribute to assault, battery, assault and battery, or any other similar violent act;
>> e.     Resulting from the insured's failure to properly supervise or keep the insured's premises in a safe condition;
>> f.     Resulting from any other cause whatsoever.

43.     As set forth in the Byrd Complaint, the alleged harm sustained by Byrd occurred as a result of the systemic negligence of Xaywu.

7

44.     Byrd's "bodily injury" did not arise from an assault and battery, but, rather, arose from the alleged negligence of Xaywu.

45.     Similarly, the harm alleged by Byrd, specifically, psychological damages and wrongful imprisonment, are not alleged to be a result of any assault or battery, but rather due to the negligence of Xaywu.

46.     Therefore, Xaywu is entitled to a declaration that the "Assault and Battery Exclusion" does not apply and State Auto must provide coverage to Xaywu under the Policy.

**WHEREFORE**, Plaintiff, Xaywu, LLC, respectfully requests an Order declaring that State Auto Insurance Company owes coverage to Plaintiff, Xaywu, LLC, pursuant to the terms and conditions set forth in the Policy and awarding such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**TIMONEY KNOX, LLP**

By:  _____

Date:  April 29, 2026

Vincent R. Cocco, Esquire
Attorney I.D. No. 321062
400 Maryland Drive, P.O. Box 7544
Fort Washington, PA  19034
215-646-6000
vcocco@timoneyknox.com
*Attorney for Xaywu, LLC*

8

**VERIFICATION**

I, Vincent R. Cocco, Esquire, hereby verify that I am the attorney for Plaintiffs in the within action and I am authorized and have sufficient knowledge, information and belief to make this verification, and that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

I understand that the statements made herein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
Vincent R. Cocco, Esquire

Date: April 29, 2026