IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

XAYWU, LLC,

     *Plaintiff,*

     v.

STATE AUTO INSURANCE COMPANIES,

     *Defendant.*

CIVIL ACTION
NO. 26-2828

Pappert, J.                                        July 14, 2026

**MEMORANDUM**

Maurice Byrd sued Xaywu, LLC in Pennsylvania state court alleging Xaywu failed to protect him against a violent attack.  Xaywu now seeks a declaration that State Automobile Mutual Insurance Company has a duty to defend and indemnify it in Byrd's lawsuit.  State Auto moves to dismiss, and the Court grants its motion.

I

Byrd lived at a rental property owned by Xaywu.  (State Court Compl. ¶ 7, Dkt. No. 1-4.)  On a Saturday in June of 2024, another person living at the property named Stephen Strassburg attacked Byrd punching him repeatedly.  (*Id.*)  Byrd shot Strassburg in self-defense and killed him.  (*Id.*)  Byrd suffered serious injuries from the attack, (*id.*), and was imprisoned for killing Strassburg, (*id.* ¶ 13).  He was prosecuted in state court, but a jury acquitted him of all charges.  (Compl. ¶¶ 12–13, Dkt. No. 1.)  Byrd then sued Xaywu in the Montgomery County Court of Common Pleas, alleging negligence and premises liability.  (State Court Compl. ¶¶ 14–37.)  At bottom, he claims Xaywu failed to prevent Strassburg's attack.  (*Id.*)

1

Xaywu has a business owners policy with State Auto. (Compl. ¶ 19); (Policy at 13, Dkt. No. 1-3.) The policy provides that State Auto has a duty to defend and indemnify Xaywu in any suit seeking damages for bodily injury caused by an occurrence. (Policy at 59.) State Auto offered to defend Xaywu in Byrd's suit subject to a reservation of rights. (Reservation of Rights at 1, Dkt. No. 1-5.) The policy does not cover suits for bodily injury "arising out of or caused in whole or part by assault, battery, assault and battery, or any other similar violent act" (1) committed by "any . . . person"; (2) resulting from the "failure to suppress or prevent" the assault, battery or violent act; or (3) resulting from "any . . . cause whatsoever." (Assault or Battery Exclusion at 99, Dkt. No. 1-3.) According to State Auto, Byrd's bodily injury arose out of or was caused in part by Strassburg's battery and resulted from Xaywu's failure to prevent it. (Reservation of Rights at 7–8.)

## II

The Court assesses the sufficiency of a pleading before discovery under Federal Rules of Civil Procedure 8 and 12. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 12(b)(6) permits a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." *Id.* 12(b)(6). Taken together, the two rules require a plaintiff to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility requires sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III

A

The first step in determining if State Auto has a duty to defend Xaywu is to review the policy and ascertain the scope of its coverage and exclusions. *Sikirica v. Nationwide Ins.*, 416 F.3d 214, 226 (3d Cir. 2005); *see also Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins.*, 908 A.2d 888, 896–97 (Pa. 2006). An insurance policy is a contract, the meaning of which presents a question of law. *Am. & Foreign Ins. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 540 (Pa. 2010); *Miller v. Poole*, 45 A.3d 1143, 1145 (Pa. Super. Ct. 2012). Pennsylvania courts construe the terms of a contract in accordance with their "ordinary meaning." *St. Paul Fire & Marine Ins. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir. 1991) (citation omitted).

The second step is to examine Byrd's state-court complaint and determine whether its allegations against Xaywu trigger coverage. *Kvaerner*, 908 A.2d at 897. The Court focuses not on the specific causes of action formally pled, but the factual allegations underlying them. *Mut. Benefit Ins. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). A complaint's allegations trigger the duty to defend so long as they potentially fall within the scope of coverage. *Roman Mosaic & Tile Co. v. Aetna Cas. & Sur. Co.*, 704 A.2d 665, 669 (Pa. Super. Ct. 1997). In determining whether State Auto has a duty to defend, the Court "may not stray outside the four corners" of Byrd's complaint. *Lenick Constr., Inc. v. Selective Way Ins.*, 737 F. App'x 92, 94 (3d Cir. 2018); *see also Erie Ins. Exch. v. Moore*, 228 A.3d 258, 268 (Pa. 2020). State Auto's duty to defend is "determined solely from the language of the complaint against" Xaywu. *Kvaerner*, 908

A.2d at 896.  And an insurer's duty to defend is broader than its duty to indemnify, so if State Auto has no duty to defend Xaywu, it has no duty to indemnify it.  *Id.* at 896 n.7.

B

State Auto's policy excludes from business owners coverage:

**Assault Or Battery**

1. *Bodily injury*, death, property damage or personal and advertising injury *arising out of or caused in whole or part by* assault, battery, assault and battery, or any other similar violent act:

   a. *Committed by* or at the direction of the insured, employees, customers, patrons, guests, *or any other person*;

   b. *Resulting from the failure to suppress or prevent* assault, battery, assault and battery, or any other similar violent act;

   c. Resulting from the failure to provide an environment safe from assault, battery, assault and battery, or any other similar violent act;

   d. Resulting from the failure to warn of the dangers of the environment, which could contribute to assault, battery, assault and battery, or any other similar violent act;

   e. Resulting from the insured's failure to properly supervise or keep the insured's premises in a safe condition;

   f. *Resulting from any other cause whatsoever*.

(Assault or Battery Exclusion at 99) (emphasis added.)  The phrase "arising out of" incorporates but-for causation principles.  *McCabe v. Old Republic Ins.*, 228 A.2d 901, 903 (Pa. 1967).  And "battery" means intentional harmful or offensive bodily contact.  *C.C.H. v. Phila. Phillies, Inc.*, 940 A.2d 336, 340 n.4 (Pa. 2008); *Montgomery v. Bazaz-Sehgal*, 742 A.2d 1125, 1130–31 (Pa. Super. Ct. 1999).

Byrd alleges Strassburg violently attacked him and that Xaywu (among other things) failed to remove or evict Strassburg, failed to warn him about Strassburg, failed

4

to act knowing Strassburg was violent, failed to provide security and failed to take all reasonable steps to prevent violent tenants from living on the premises. (State Court Compl. ¶¶ 6–8, 17–36.) Thus, but for Strassburg's intentional harmful or offensive bodily contact and Xaywu's failure to prevent Strassburg's attack, Byrd's injuries would not have occurred. His suit plainly seeks damages for bodily injury arising out of a battery committed by any person and resulting from a failure to prevent it or another cause. (Assault or Battery Exclusion at 99.)

State and federal court decisions support this straightforward conclusion. In *Britamco Underwriters, Inc. v. Grzeskiewicz*, 639 A.2d 1208 (Pa. Super. Ct. 1994), a plaintiff sued a bar alleging an individual violently attacked him with a broken beer bottle. *Id.* at 1209. The bar's insurer argued it had no duty to defend or indemnify because its policy excluded coverage for claims arising out of battery. *Id.* The Superior Court agreed, finding the plaintiff's injuries were the result of a violent attack. *Id.* at 1212. Here, the policy excludes suits for bodily injury arising out of battery committed by any person, and Byrd's injuries resulted from Strassburg's attack. *See Acceptance Ins. v. Seybert*, 757 A.2d 380, 383 (Pa. Super. Ct. 2000).

In *Nautilus Insurance v. Motel Management Services, Inc.*, No. 21-2590, 2022 WL 15722613 (3d Cir. Oct. 28, 2022), three women sued a hotel in state court alleging the hotel failed to prevent them from being trafficked. *Id.* at *1. The hotel's insurer argued it had no duty to defend or indemnify because its policy excluded coverage for claims "arising out of any assault or battery." *Id.* at *2. The Third Circuit Court of Appeals agreed, holding that the women's injuries would not have occurred but for their traffickers' battery. *Id.* Here, again, State Auto's policy excludes coverage for bodily

injury arising out of battery, and Byrd's injuries would not have occurred but for Strassburg's attack. *See Nautilus Ins. v. Motel Mgmt. Servs., Inc.*, 781 F. App'x 57, 60 (3d Cir. 2019).

Xaywu relies on two Pennsylvania state-court decisions. In *QBE Insurance v. M & S Landis Corp.*, 915 A.2d 1222 (Pa. Super. Ct. 2007), an estate sued a nightclub alleging its bouncer laid on top of a customer restricting his ability to breathe, causing his death. *Id.* at 1224. The nightclub's insurer argued it had no duty to defend or indemnify because its policy excluded actions for bodily injury arising out of battery. *Id.* at 1228. The Superior Court rejected this argument, holding the plaintiff's injury arose out of negligence, not battery. *Id.* at 1225–26, 1229. It premised its decision on the plaintiff's allegation that the bouncer "improperly restrained" the customer. *Id.* at 1228. To start, *Landis*'s conclusion that a bouncer does not commit a battery by lying on an individual smothering him to death is highly questionable. *See, e.g., Markel Int'l Ins. v. 2421 Salam, Inc.*, No. 08-1052, 2009 WL 1220557, at *7 n.13 (E.D. Pa. Mar. 31, 2009), *R. & R. adopted*, 2009 WL 1203341 (E.D. Pa. Apr. 30, 2009) (explaining it is difficult to "reconcile" *Landis*'s conclusion with the "plain language of the exclusion and the complaint allegations at issue" in the case); *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 442 n.8 (Tenn. 2012) (saying *Landis* is "unpersuasive"). Perhaps for that reason, Pennsylvania state courts "consistently limit[] *Landis* to its facts." *Nautilus Ins. v. Shawn Owens Inc.*, 316 F. Supp. 3d 873, 878 (E.D. Pa. July 17, 2018). Here, Byrd does not allege that an Xaywu employee improperly restrained him; rather, he alleges a third-party (Strassburg) violently attacked him. That suffices to distinguish *Landis*.

6

*See W. Heritage Ins. v. JGF Mgmt. Co.*, No. 1079, 2009 Phila. Ct. Com. Pl. Lexis 7, at \*8 (Phila. Ct. Com. Pl. Mar. 10, 2009).

In *Britamco Underwriters, Inc. v. Weiner*, 636 A.2d 649 (Pa. Super. Ct. 1994), a plaintiff sued a bar alleging the bar's owner and an employee "struck" him on the neck. *Id.* at 650. The bar's insurer argued it had no duty to defend or indemnify because its policy excluded claims arising out of battery. *Id.* at 652. The Superior Court disagreed, holding the plaintiff's injuries "may have been caused by the negligent acts" of the bar's owner and its employee "and not necessarily by the intentional acts of any individual." *Id.* Like *Landis*, *Weiner* has been criticized. *Grzeskiewicz*, 639 A.2d at 1212 (Beck, J., concurring) (arguing that *Weiner* was wrongly decided). In any event, the plaintiff in *Weiner* did not clarify whether the bar's owner and its employee intentionally "struck" him, making it unclear whether they committed a battery. *Weiner*, 636 A.2d at 652. Thus, the Superior Court held the complaint's allegations "may potentially" trigger coverage. *Id.* Here, by contrast, Byrd alleges Strassburg violently attacked him, which is clearly a battery.

Xaywu also argues that Byrd's injuries arose out of Xaywu's "negligence," not Strassburg's attack. But this argument misunderstands but-for causation. Again, State Auto's policy excludes suits for bodily injury "arising out of" battery. (Assault or Battery Exclusion at 99.) And the phrase "arising out of" incorporates but-for causation principles. *McCabe*, 228 A.2d at 903. Thus, if Strassburg's battery was a but-for cause of Byrd's injuries, the battery exclusion applies even if Xaywu's "negligence contributed to the injuries." *Alea London Ltd. v. Woodlake Mgmt.*, 365 F. App'x 427, 429 (3d Cir.

7

2010).  Here, Byrd's injuries would not have happened but for Strassburg's battery—even if Xaywu's failure to prevent the battery contributed to his injuries.

Finally, Xaywu emphasizes that State Auto's battery exclusion bars coverage for "bodily injury."  Because Byrd alleges emotional injury in addition to bodily injury, Xaywu contends, the battery exclusion does not bar coverage for all of Byrd's claims.  But State Auto's policy only *covers*, relevant here, bodily injury.  An exclusion need not bar coverage for injuries the policy does not cover in the first place.

IV

A court should "freely give leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But a court need not grant leave to amend if amendment would be "futile."  *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018).  Amendment is futile if no new facts could fix the original complaint's problems.  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  Xaywu does not seek leave to amend, nor does it suggest what it could add to its complaint.  In any event, amendment would be futile.  No new facts could change that Byrd's lawsuit arises out of battery and resulted from Xaywu's failure to prevent it.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

8